IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN W. AUSTIN, | § | |
| | § | |
| Defendant Below-Appellant, | § | No. 185, 2016 |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1102020008 |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: June 1, 2016
Decided: August 1, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## O R D E R

This 1st day of August 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, John Austin, filed this appeal from a Superior Court order, docketed March 11, 2016, denying his motion for correction of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Austin's opening brief that his appeal is without merit. We agree and affirm.

(2) In September 2011, a Superior Court jury convicted Austin of Robbery in the First Degree and Possession of a Deadly Weapon During the

Commission of a Felony ("PDWCF"). The Superior Court sentenced him to a total period of eighteen years at Level V incarceration, to be suspended after serving eight years in prison for decreasing levels of supervision. This Court affirmed Austin's convictions and sentence on direct appeal.[1]

(3) Since that time, Austin has filed unsuccessfully at least seven motions in the Superior Court seeking modification or correction of his sentence. Austin now appeals the Superior Court's order denying his latest motion for correction of sentence. Austin's sole argument on appeal is that he could not be convicted or sentenced for PDWCF because the metal rod that he used to threaten the victim during the robbery was not a "deadly weapon."

(4) Even if we assume that Austin's claim was properly raised in a motion for correction of sentence and was not otherwise procedurally barred, it is clear that the Superior Court committed no error in denying his motion because there is no substantive merit to his claim that a two-foot long metal rod is not a deadly weapon. Under 11 *Del. C.* § 222(5), a "deadly weapon" includes "any 'dangerous instrument,' as defined in paragraph (4) of this section, which is used, or attempted to be used, to cause death or serious physical injury."[2] Section 222(4) defines "dangerous instrument" to include "any instrument, article or substance which,

---

[1] *Austin v. State*, 2012 WL 1952326 (Del. May 30, 2012).

[2] 11 *Del. C.* § 222(5).

under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury."[3]  The two-foot rod that Austin used to threaten the victim during the course of the robbery in this case constitutes a deadly weapon within the meaning of the statute.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.
Chief Justice

---

[3] *Id.* § 222(4).

[4] *Taylor v. State*, 679 A.2d 449, 454 (Del. 1996) ("[T]he legislature no longer defines an item as a deadly weapon according to its common, every-day usage…but instead has made dispositive that item's potential for causing death or serious physical injury in the way it was actually used in the circumstances leading to the charge.").